**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4459

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VYACHESLAV FYODOROVITCH RIZKHOV,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:21-cr-00128-NCT-1)

Submitted:  January 31, 2024                                    Decided:  March 1, 2024

Before WYNN, THACKER, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Charles L. White, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vyacheslav Fyodorovitch Rizkhov was convicted after a bench trial of unlawful procurement of naturalization, in violation of 18 U.S.C. § 1425(a). The district court sentenced Rizkhov to 4 months in prison and a year of supervised release. Rizkhov appeals his conviction, arguing that the district court erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal because there was insufficient evidence that he knowingly made a false statement in his Form N-400 Application for United States citizenship. We affirm.

We review the district court's denial of a Rule 29 motion for a judgment of acquittal de novo. *United States v. Smith*, 54 F.4th 755, 766 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 1097 (2023). In conducting this review, "we view the evidence in the light most favorable to the prosecution and decide whether substantial evidence supports the verdict." *Id.* (cleaned up). "Substantial evidence is evidence that a reasonable fact-finder could accept as adequate and sufficient to support a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). In assessing whether substantial evidence is present, we are "not entitled to assess witness credibility and must assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Robinson*, 55 F.4th 390, 404 (4th Cir. 2022) (internal quotation marks omitted). A defendant "bear[s] a heavy burden" under this standard. *Smith*, 54 F.4th at 766 (internal quotation marks omitted).

Applying this standard, we conclude after review of the record that the evidence was sufficient to show that Rizkhov knowingly made a false statement in the Form N-400 Application that was material to his procuring naturalization when he stated he had not

2

committed a crime or offense for which he was not arrested. *See Maslenjak v. United States*, 582 U.S. 335, 340-46 (2017) (discussing elements of § 1425(a) violation). Although Rizkhov criticizes the testimony and documentary evidence of his false statement and questions how demonstrative it is of his knowledge and intent in the face of contradictory evidence, it is the finder of fact, not this court, that weighs the credibility of the evidence and resolves any conflicts in the evidence presented. *United States v. Caldwell*, 7 F.4th 191, 209 (4th Cir. 2021). The district court as finder of fact heard the testimony and received the documentary evidence and could assess the credibility and weight to be afforded to each. Because we decline to second-guess the court's determination as finder of fact, *Robinson*, 55 F.4th at 404, this challenge does not entitle Rizkhov to relief on appeal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3